UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-02779-JAR |
| ) | |
| MIDLAND FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Terry Bledsoe's Motion to Enforce Settlement and for Attorneys' Fees. (Doc. 18.) Defendant Midland Funding, LLC, responded in opposition (Doc. 21), and Plaintiff replied (Doc. 23).

In February 2020, the parties exchanged emails which Plaintiff asserts constituted a binding settlement agreement. (Doc. 19.) On February 11, Defendant's counsel emailed Plaintiff's counsel, stating, "On settlement, I have received additional authority, and can counter at $3,250." (Doc. 19-2 at 1.) The next day, Plaintiff's counsel responded, "I can do the $3,250 with deletion/waiver. . . . Please send over release when ready." (*Id.* at 2.) That same day, Defendant's counsel replied "Will do." (*Id.* at 3.)

Two days after apparently agreeing to a settlement in principle, Defendant's counsel emailed Plaintiff's counsel, writing, "We just saw that you client filed bankruptcy on 12-27-19. We do not see that the claim was scheduled. . . . We cannot proceed with settlement as is given that the trustee owns the claim." (*Id.* at 4.) After a number of additional emails, Defendant's

1

counsel reiterated his client was leaning towards proceeding with the settlement as long as the bankruptcy trustee agreed to release the claim. (*Id.* at 8.)

On April 7, 2020, Plaintiff's counsel emailed Defendant's counsel, representing that the bankruptcy had been discharged and that the trustee had indicated that there was no interest in pursuing Plaintiff's claim against Defendant. (*Id.* at 10.) Plaintiff's counsel concluded, "Let me know your thoughts and if your client wanted to resolve then send over release." (*Id.*)

On April 13, 2020, Plaintiff's counsel emailed Defendant's counsel again to inquire as to the status of the case. He wrote, "If your client deems it settled then send over release this week. If not, then please advise and send over my discovery responses." (*Id.* at 11.) Although Plaintiff's counsel followed up on April 22, 2020, he asserts that Defendant's counsel did not respond to Plaintiff's counsel's April 13, 2020 request for a final answer. (Doc. 19 at 1-2.) Likewise, Defendant never responded to Plaintiff's discovery requests. (*Id.*) Plaintiff now moves to enforce the alleged settlement agreement and to recoup attorney fees for Defendant's asserted recalcitrance. (*Id.* at 5.)

Defendant responds that, due to his bankruptcy, Plaintiff lacked standing to even bring suit. (Doc. 21.) In addition, Defendant argues that the parties never reached agreement as to all material terms and therefore there is no enforceable settlement. (*Id*.) Lastly, Defendant adds the Plaintiff's concealment of his bankruptcy—even from his own counsel—voids any enforceable agreement because the bankruptcy was a material fact. (*Id.*)

The Court will deny Plaintiff's motion because no final agreement was reached, as evidenced by the emails Plaintiff attaches to his motion. It is well established that a contract is unenforceable absent—among other things—mutuality of agreement to the terms of the contract. *Arndt v. Beardsley*, 102 S.W.3d 572, 575 (Mo. Ct. App. 2003). "Negotiations or preliminary steps

toward a contract do not themselves constitute a contract." *Id.* (citing *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. App. 1995).

Reviewing the emails exchanged by counsel, the Court concludes that the parties never reach mutual agreement. Defendant's counsel made the initial offer of $3,250, which Plaintiff's counsel accepted. (Doc. 19-2 at 1-2.) This established the dollar amount but left unresolved all other material conditions. One such material condition was the execution of a waiver of all claims; indeed Plaintiff's counsel asked for the release in his email accepting the offer. (*Id.* at 2.) Before the release was sent, Defendant's counsel learned that Plaintiff could not execute the release because of his prior bankruptcy. (*Id.* at 4.) To that end, Defendant's counsel expressly stated, "We cannot proceed with settlement as is given that the trustee owns the claim." (*Id.*) Absent that material condition, the parties could not have reached an enforceable agreement.

Further, Plaintiff's counsel's own words indicate that no final agreement had been reached. In response to Defendant's counsel's email regarding the bankruptcy, Plaintiff's counsel responded, "I'm not sure what your clients wanted to do or if you were implying they do not want to settle or they think there is no settlement now?," indicating his confusion as to the existence of an enforceable contract. (*Id.* at 5.) Later, when Defendant's counsel intimated that Defendant might still be amenable to settling the case, Plaintiff's counsel wrote, "Let me know your thoughts, and if your client wanted to resolve then send of release," again indicating a lack of mutual agreement. (*Id.* at 10.) Finally, when Defendant failed to relay a firm position, Plaintiff's counsel wrote, "If your client deems it settled then send over release this week. If not, then please advise and send over my discovery responses." (*Id.* at 11.) The absence of mutual agreement is apparent from Plaintiff's counsel's framing of the situation: "*If your client deems it settled . . .*"; "*If*

...

*not . . . .*" Without mutuality of agreement there can be no enforceable settlement. *Arndt*, 102 S.W.3d at 575.

Plaintiff's request for attorney's fees is premised on court's common grant of such awards when parties must sue to enforce a settlement agreement. (*See* Doc. 19 at 5 (citing cases).) Because the Court concludes that there is no enforceable settlement agreement, it will deny Plaintiff's request for attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Terry Bledsoe's Motion to Enforce Settlement and for Attorneys' Fees (Doc. 18), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Midland Funding, LLC, **SHALL** respond to Plaintiff's discovery requests **within seven (7) days of the date of this order**.

Dated this 6th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE