**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TERRY BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-02779-JAR |
| ) | |
| MIDLAND FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Terry Bledsoe's Motion for Discovery Sanctions Pursuant to Rule 37 (Doc. 52) and Second Motion for Extension of Time to Complete Discovery. (Doc. 54). Defendant Midland Funding, LLC has filed responses (Docs. 55-56), and Plaintiff has replied. (Docs. 59-60).

**Background**

Plaintiff sued Defendant for violating the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Plaintiff previously filed a Motion to Compel Discovery (Doc. 30) and this Court ordered Defendant to respond to Plaintiff's Interrogatories Nos. 1-18 and Requests for Production Nos. 1-29. (Doc. 51). Plaintiff argues that Defendant's responses remain inadequate and asks this Court to impose sanctions on Defendant by awarding attorney's fees and deeming certain requests for admission admitted. (Doc. 53 at 8-9). Plaintiff also seeks an extension of time to complete depositions of Defendant's representatives. (Doc. 54).

**Discussion**

This case, concerning a single claim under the FDCPA carrying a maximum statutory penalty of $1,000, has become contentious due to various procedural issues unrelated to the underlying dispute. A district court has broad discretion to impose sanctions for discovery violations pursuant to Fed. R. Civ. P. 37. *See Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) (per curiam). This Court declines to do so here.

Defendant has provided Plaintiff with recordings for each of Plaintiff's calls with Midland Credit Management, Inc. ("MCM"), an affiliated entity, and provided all relevant, non-privileged documents in Defendant's possession. (Doc. 55 at 4-5). Many of Plaintiff's complaints concern Defendant's reliance on the distinction between Defendant and MCM. While the Court recognizes the close relationship between the entities, it cannot *sua sponte* pierce Defendant's corporate veil without any showing by Plaintiff that such piercing is legally justified. Defendant has, moreover, produced certain communications between Plaintiff and MCM. (Doc. 53-1 at 3). On various other issues, the Court finds that Plaintiff's requests are disproportionate to the needs of this case and Defendant has produced sufficient (albeit imperfect) information to allow Plaintiff to fully pursue his claim. Accordingly, no discovery sanctions against Defendant are warranted.

Plaintiff also seeks an extension of time to complete depositions. Defendant has indicated that it does not oppose Plaintiff's motion to the extent Plaintiff seeks to depose a Fed. R. Civ. P. 30(b)(6) witness. (Doc. 56 at 3). Plaintiff, however, claims that he is entitled to depose the agents who conversed with him. (Doc. 60 at ¶ 2). Considering the applicable factors in Fed. R. Civ. P. 26(b)(1), this Court finds that Plaintiff's requested discovery is not warranted at this time. It is extremely unlikely that the individuals Plaintiff seeks to depose will recall their discussions with

Plaintiff or have information which Plaintiff cannot obtain through a Fed. R. Civ. P. 30(b)(6) deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Terry Bledsoe's Motion for Discovery Sanctions Pursuant to Rule 37 (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Terry Bledsoe's Second Motion for Extension of Time to Complete Discovery (Doc. 54) is **GRANTED in part**. Plaintiff shall be granted an additional **30 days** from the date of this Order to complete a deposition of Defendant's designated representative under Fed. R. Civ. P. 30(b)(6).

Dated this 13th day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE